MARGINIAN, APPELLEE, *v.* ALLSTATE INSURANCE COMPANY,
APPELLANT. (TWO CASES.)

[Cite as Marginian *v.* Allstate Ins. Co. (1985), 18 Ohio St. 3d 345.]

(Nos. 84-686 and 84-687—Decided July 31, 1985.)

*John R. Vintilla,* for appellee.

*McNeal, Schick, Archibald & Biro, Fredric E. Kramer, Sonnenschein, Carlin, Nath & Rosenthal* and *Duane C. Quani,* for appellant.

*Squire, Sanders & Dempsey, Richard W. McLaren, Jr.,* and *Frank A. DiPiero,* urging reversal for *amicus curiae* National Assn. of Independent Insurers.

SWEENEY, J. The novel issue presented in the causes before us is whether an insured has a cause of action against its insurer when, contrary to the wishes of the insured, the insurer settles claims lodged against the insured within the monetary limits of the insured's policy, and where the policy empowers the insurer to settle claims as it feels appropriate.

The insurance policy issued by appellant to appellee provides in relevant part:

"Allstate will pay for all damages a person insured is legally obligated to pay — because of bodily injury or property damage * * *:

"* * *

"We will defend a person insured if sued as the result of a covered auto accident. This defense will be supplied even if the suit is groundless, false or fraudulent. We will defend that person at our own expense; with counsel of our choice and, *may settle any claim or suit if we feel this is appropriate.*" (Emphasis added.)

Appellant contends that the judicial policy of this state is to encourage early disposition of litigation and reduction of court dockets. Appellant argues that the above-emphasized language contained in appellee's in-

surance policy gives it the right to settle claims made against the insured, if it feels that settlement would be appropriate, given the circumstances of the particular claim.

Appellee asserts that appellant has the duty to act in good faith in the handling and payment of claims made against him, and that a breach of this duty will give rise to an action in tort against the insurer.

In *Gomolka* v. *State Auto. Mut. Ins. Co.* (1982), 70 Ohio St. 2d 166, 168 [24 O.O.3d 274], we noted that:

"* * * [W]here the provisions of an insurance policy are clear and unambiguous Courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties, *Stickel* v. *Excess Ins. Co.* (1939), 136 Ohio St. 49 [15 O.O. 570], paragraph one of the syllabus, nor read into the contract a meaning not placed there by an act of the parties, *Motorists Ins. Co.* v. *Tomanski* (1970), 27 Ohio St. 2d 222, 226 [56 O.O.2d 133]; *Olmstead* v. *Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St. 2d 212, 216 [51 O.O.2d 285], nor make a new contract for the parties where their unequivocal acts demonstrate an intention to the contrary, *Jackson* v. *Metropolitan Life Ins. Co.* (1973), 34 Ohio St. 2d 138, 140 [63 O.O.2d 232]; *Fidelity & Cas. Co.* v. *Hartzell Bros. Co.* (1924), 109 Ohio St. 566."

Our review of the language contained in the instant policy leads us to conclude that the parties herein, expressly and unambiguously contracted to allow appellant-insurance company the option of settling any claims made against the appellee-insured, regardless of whether such claims are groundless, frivolous or fraudulent if it determined that settlement were appropriate. Given this precise language, we find that there can be no set of circumstances under which appellee's causes for relief could be granted. Therefore, we must reverse the court of appeals' decision to the contrary.

The appellate court below determined that our prior decisions in *Hart, supra*; *Slater* v. *Motorists Ins. Co.* (1962), 174 Ohio St. 148 [21 O.O.2d 420]; *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1980), 62 Ohio St. 2d 221 [16 O.O.3d 251]; and *Hoskins, supra*, provide appellee with a cause of action for his "bad-faith" claims against appellant. We disagree, and find these decisions to be readily distinguishable from the causes *sub judice*.

In *Hart*, we recognized a cause of action where the insurer failed to act in good faith in settling a claim brought against its insured. The facts of *Hart* disclose that the insurer had several opportunities to settle the claim within the insured's policy limits, but refused to do so, thus causing out-of-pocket losses for the insured.

The *Slater* case set forth another situation where the insurer had ample opportunity to settle a claim brought against its insured within the policy limits, but did not do so. A judgment was rendered against the insured in excess of the limits of his policy; and we held that the insured could maintain an action against his insurer for a breach of the insurer's duty to act in good faith in settling the claim lodged against the insured.

The *Centennial* decision involved an excess insurer subrogating to the

insured's rights against the primary insurer on a bad-faith claim. Once again, the primary insurer refused to settle within the policy limits of the insured's coverage prior to trial. We held, there, that the excess insurer could subrogate and maintain the bad-faith action against the primary insurer.

Finally, in *Hoskins, supra,* we found a cause of action for a breach of the duty of good faith where the insurer wrongfully failed to pay the valid claim of its own insured.

The common thread running through most of these cases is that an insured has a cause of action against its insurer on a claim of bad faith, where the insurer had abundant opportunity to settle a claim made against the insured within the policy limits of the insured's coverage, but failed to do so. In most of these cases, the insured was forced to pay out-of-pocket amounts when judgment was rendered against said insured over and above the limits of his coverage.

The instant causes can be easily distinguished from the foregoing decisions because, here, we have a contract of insurance which expressly gives the insurer the option to settle claims as it deems appropriate, even if the claims brought against the insured are fraudulent or groundless. Moreover, the appellant-insurer herein, unlike the insurers in the other cases, settled the two claims made against the appellee-insured within the limits of his policy coverage. As a result, the instant insured has not been exposed to further liability, over and above the limits of his policy.

Accordingly, we hold that where a contract of insurance provides that the insurer may, as it deems appropriate, settle any claim or action brought against its insured, a cause of action alleging a breach of the insurer's duty of good faith will not lie where the insurer has settled such claim within the monetary limits of the insured's policy.

Therefore, we reverse the judgment of the court of appeals, and reinstate the judgments of the trial courts dismissing the causes herein.

*Judgment reversed.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.