CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, v. TOWN & COUNTRY PRE-SCHOOL NURSERY, INC., Defendant-Appellant.

First District (3rd Division)   No. 85—2231

Opinion filed August 27, 1986.

Michael T. Tristano & Associates, of Chicago (Michael S. Schiffman and Mark S. Simon, of counsel), for appellant.

Kiesler & Berman, of Chicago (Duane J. St. Pierre, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Defendant, Town & Country Pre-School Nursery, Inc. (T&C), appeals from an order of the trial court which granted Casualty Insurance Company's (Casualty) motion for summary judgment as to T&C's liability under a policy of insurance. Casualty brought suit alleging breach of contract after T&C failed to reimburse it for the deductible portion of an insurance policy paid in settlement of a claim.

Casualty had issued to T&C a policy of liability insurance which covered bodily injury to persons injured upon the school premises. The policy provided coverage for such injuries up to $1 million per occurrence with a $2,000 deductible per claim. Michael West, a minor, sustained an injury upon the premises, and a claim of liability against T&C was brought in his behalf. Casualty conducted an investigation and subsequently settled the claim for $1,800. It then requested reimbursement from T&C for the full amount and filed suit when T&C failed to pay. The trial court granted Casualty's motion for summary judgment, but only as to liability, and ordered a hearing on the damages issue. After the hearing, the court entered judgment against T&C for $1,800 plus costs. T&C appeals this ruling.

T&C contends that the trial court abused its discretion in granting Casualty's summary judgment motion as to liability. It argues that the court used an improper standard in granting the motion, that it did not consider the record in a light most favorable to T&C, and that whether Casualty acted in good faith was a material factual issue which should have precluded summary judgment.

It is well settled in Illinois that a motion for summary judgment will be granted when the pleadings, depositions, admissions on file, and affidavits demonstrate no material factual dispute or controversy so that the movant is entitled to judgment as a matter of law. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); see also *Bauer v. City of Chicago* (1985), 137 Ill. App. 3d 228, 231, 484 N.E.2d 422.) In its determination, the trial court is to consider the facts in a light most favorable to the nonmoving party and accept any reasonable inferences which can be drawn. (*McCarthy v. Johnson* (1984), 122 Ill. App. 3d 104, 107, 460 N.E.2d 762.) T&C maintains that, because a Casualty claims adjuster allegedly informed its attorney that T&C was not liable for the child's injuries, a question of good faith arose when Casualty proceeded to settle the claim. T&C emphasizes that Casualty settled the claim at no cost to itself, thereby raising a factual issue as to whether Casualty

acted in a self-serving manner without considering the interests of the insured. Casualty counters that the trial court did not abuse its discretion because whether Casualty acted in good faith in settling the claim was not a material factual issue and its duty to consider T&C's interests never arose.

■ Whether an insurer has a duty to consider the interests of its insured when settling a claim which falls fully within the deductible portion of a policy is an issue which has not been addressed by the courts in this State. A duty to consider the insured's interests previously has been found only where a claim was settled for an amount beyond the policy limits, thus requiring the insured to pay the excess. (See, *e.g.*, *Adduci v. Vigilant Insurance Co.* (1981), 98 Ill. App. 3d 472, 475, 424 N.E.2d 645; *Cernocky v. Indemnity Insurance Co. of North America* (1966), 69 Ill. App. 2d 196, 216 N.E.2d 198.) Although T&C argues that a settlement fully within the deductible portion falls outside the policy limits, we believe this contention to be without merit. Nevertheless, there are cases from other jurisdictions which we find instructive on the issue before us.

In *Marginian v. Allstate Insurance Co.* (1985), 18 Ohio St. 3d 345, 481 N.E.2d 600, an insured notified its insurer of two claims but instructed it not to pay on either. After the company settled the claims, the insured brought suit alleging "bad faith" on the part of the insurer. The Ohio Supreme Court held that such an action alleging a breach of the duty of good faith did not state a claim upon which relief could be granted where an express policy provision permitted the company to settle the claim and the claim was settled within the policy limits. 18 Ohio St. 3d 345, 348, 481 N.E.2d 600, 603.

Of greater relevance to the factual scenario before us, however, is the case of *Orion Insurance Co., Ltd. v. General Electric Co.* (1985), 129 Misc. 2d 466, 493 N.Y.S.2d 397. In that case, the New York Supreme Court stated that where a policy gives an insurer the right to settle an action with or without the consent of the insured, the insurer may do so where the insured's contribution in the form of the deductible is considerably larger than the insurer's contribution and even where the settlement is fully within the deductible at no cost to the insurer. (129 Misc. 2d 466, 471, 493 N.Y.S.2d 397, 401.) The court emphasized that, although such results may seem burdensome to the insured, the insured made no claim of having been in an unequal bargaining position when it purchased the policy or that it had been "prevented from protecting itself in framing the terms of the contract." 129 Misc. 2d 466, 472, 493 N.Y.S.2d 397, 401.

We believe that a similar situation exists in the instant case. The

policy of insurance issued by Casualty to T&C states:

"[T]he company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient ***."

Regarding liability for the deductible portion, the policy further provides:

"It is agreed that:

1. The company's obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on behalf of the insured applies only to the amount of damages in excess of any deductible amounts stated in the schedule above as applicable to such coverages.

***

4. The terms of the policy, including those with respect to (a) the company's rights and duties with respect to the defense of suits and (b) the insured's duties in the event of the occurrence apply irrespective of the application of the deductible amount.

5. The company may pay any part or all of the deductible amount and, upon notification of the action taken, the named insured shall promptly reimburse the company for such part of the deductible amount as has been paid by the company."

As in *Orion*, T&C made no claim that it was in an unequal bargaining position with Casualty or that it was prevented from protecting itself when it negotiated the contract of insurance. T&C did not allege, for example, that it could not have obtained more extensive coverage from Casualty which would have decreased the deductible or required T&C's consent in settling a claim. The terms of the policy are clear and enforceable. Casualty had the right to settle the case within the policy limits and its duty of good faith, therefore, was not a material factual issue. (*Marginian v. Allstate Insurance Co.* (1985), 18 Ohio St. 3d 345, 481 N.E.2d 600.) Under such circumstances, the trial court did not abuse its discretion in granting Casualty's summary judgment motion.

For all the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and McNAMARA, J., concur.