215 N.J. Super. 260 (1987)
521 A.2d 903
AMERICAN HOME ASSURANCE COMPANY, INC., PLAINTIFF-APPELLANT,
v.
HERMANN'S WAREHOUSE CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 2, 1987.
Decided February 24, 1987.
*262 Before Judges MORTON I. GREENBERG, R.S. COHEN and GRUCCIO.
DeGonge, Garrity & Fitzpatrick, for appellant (Daniel C. Nowell, on the brief).
Thomas J. Shamy, for respondent (William J. Shipers, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before this court on appeal by plaintiff American Home Assurance Company from an order of February 18, 1986 denying plaintiff's motion for summary judgment and granting defendant Hermann's Warehouse Corporation's cross-motion for summary judgment dismissing this action. Plaintiff, which had issued a liability insurance policy with a $2,000,000 limit of coverage to defendant to protect its warehouse business, settled a claim by a third party against defendant and brought this action to recover the deductible provided in the policy. The deductible was for $20,000 on all losses except for inventory shortages or unexplained disappearances in which cases it was for $40,000.
The basic facts are not in dispute. On August 4, 1980, All Freight Trucking Company contacted defendant to make arrangements for the delivery to defendant for storage of a number of cargo trailers containing Christmas ornaments for Kurt S. Adler, Inc. According to defendant, it advised All Freight that because of a full work schedule it could not unload and take possession of the trailers that day. Nevertheless, All Freight dropped off three trailers in defendant's yard and *263 requested it to unload them the next morning. While defendant permitted the trailers to be left in its yard, it did so without charge solely for the convenience of All Freight. Consequently, defendant did not unload the vehicles or formally acknowledge the receipt of their contents or issue a warehouse receipt for them. The following morning two of the three trailers were missing leading Adler to make a claim against defendant for $76,382.80 for lost merchandise.
Inasmuch as Adler's claim was not paid, it instituted an action against defendant for the loss. While we do not have the pleadings from that action, plaintiff asserts that Adler's possible recovery was $100,000, calculated as $76,382.80 damages with the balance as interest. Defendant does not deny that representation. As provided in the insurance policy, defendant turned the case over to plaintiff for defense. Thereafter, pursuant to a provision in the policy that reserved to it "the right to settle any claim, suit or other proceedings as it may deem expedient," plaintiff settled Adler's claim for $67,500 without defendant's consent.
Following the settlement, plaintiff requested defendant to reimburse it for the $20,000 deductible in accordance with a provision in the policy specifying that: "If the Company shall have paid such deductible amount, the Assured shall promptly reimburse the Company therefor." Defendant refused to reimburse plaintiff claiming that it could not have been liable to Adler, had not consented to the settlement, had urged Adler's claim be rejected and had requested a jury trial. Consequently, plaintiff instituted this action to recover the deductible. Evidently, plaintiff is in doubt as to whether the $20,000 or $40,000 figure is applicable as it seeks either amount alternatively.
After an answer was filed, the parties served cross-motions for summary judgment. The motion judge disposed of the case with the following opinion:
As to American Home Assurance Company versus Hermann's Warehouse Corporation, there are motions for summary judgment.

*264 The plaintiff, American Home Assurance Company, settled the case and seeks recovery of the deductible. Defendant opposes the motion for summary judgment and seeks motion for summary judgment in its own behalf arguing that it did not participate in the settlement, did not approve the settlement and should not be required to pay the deductible.
I am satisfied from the arguments of counsel that the defendant's position is the sound one. In fact, it did not approve the settlement and should not be required to pay the deductible. I am going to grant summary judgment for the defendant. Accordingly, I will deny summary judgment on behalf of the plaintiff.
The order of February 18, 1986 was then entered and this appeal followed.
On this appeal, plaintiff contends that it was empowered to settle Adler's claim without defendant's consent, it acted reasonably and in good faith in doing so and it is entitled to recover the deductible. Defendant contends plaintiff acted in bad faith, did not adequately represent it and may not recover the deductible as it settled Adler's claim without its consent. Defendant further contends that plaintiff cannot recover because the policy provides that no action shall lie against the company unless, as a condition precedent thereto, defendant's obligation to pay is established by judgment against it or by written agreement among plaintiff, defendant and the claimant.
There is, of course, no doubt but that the policy empowered plaintiff to settle Adler's claim. While some insurance policies provide that a settlement may be made only with the consent of the insured, this policy did not. Further, the provision that plaintiff cannot be liable until defendant's liability is established by judgment or agreement is not intended to bar voluntary settlements. It simply attempts to establish when an action will lie against plaintiff as the insurance carrier. Thus, absent some overriding principle of law, plaintiff should have been granted summary judgment.
Defendant finds that principle in decisions emphasizing an insurance company's duty to act in good faith toward its insured in settlement of claims and urges that plaintiff breached this obligation, thereby barring it from recovery. See, e.g., *265 Fireman's Fund Ins. Co. v. Security Ins. Co. of Hartford, 72 N.J. 63 (1976); Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974). Though we do not doubt that insurance companies must act in good faith in settling claims, the case law defining this duty has developed when companies have refused to settle following which judgments are obtained against insureds in excess of the policy limits. We are aware of no case in New Jersey, however, which indicates that a company may be held to have acted in bad faith in settling a claim within the policy limits when its power to do so is not conditioned upon obtaining the consent of the insured. The Supreme Court's decision in Lieberman v. Employers Ins. of Wausau, 84 N.J. 325 (1980), though indicating that a carrier may be liable for settling a claim within the policy limits, is not contrary as the policy there had a provision that any settlement required the consent of the insured which, though originally obtained, had been revoked before the settlement.
We are convinced that an insurance company may not be held liable or be held to lose its rights to recover a deductible on a claim of bad faith to its insured when it settles a case within the policy limits. A contrary ruling would encourage a carrier proposing a settlement to consult with its insured before agreeing to it. While this in itself would not be unreasonable, in practice if a carrier settling without the insured's consent could be held to have acted in bad faith, there would be a loss of potential settlements. Persons subject to claims frequently consider their own actions to have been faultless in situations where juries, judges and professional claims evaluators view them as having been negligent. Thus, some insureds would tend to object to objectively prudent settlements requiring contribution from them, particularly in cases such as this one where the insured runs no risk that a failure to settle could result in a verdict in excess of the policy limits. Such an objection might cause a carrier to decline to settle a case even though it considered a settlement desirable. Inasmuch as the law gives a high priority to settlement of lawsuits, we should *266 not adopt a rule of law which discourages them. See Kramer v. Sony Corp. of America, 201 N.J. Super. 314 (App.Div. 1985).[1]
A second reason to avoid incorporation of the requirement that a carrier act in good faith in settling a case within a policy limit is that the good faith requirement is ordinarily imposed to protect an insured from an insurance carrier's refusal to settle within the policy limit thereby putting the insured's personal assets at peril. See Rova Farms Resort v. Investors Ins. Co., supra, 65 N.J. 496-502. Here, the insured did get the benefit of a settlement within the policy limits and thus the reason for the imposition of a duty of good faith is absent.
We also point out that liability insurance policies with deductibles are written for commercial risks. Consumers purchasing homeowners', tenants' and automobile liability protection receive policies without deductibles. We think that business persons should recognize that when they accept a liability policy with a deductible they may be called upon to pay it. We also point out that at least in some situations a commercial insured may be able to negotiate for the terms of a policy and thereby obtain a policy according it the right to approve a liability claim settlement. See Casualty Ins. v. Town & Country Pre-School, 147 Ill. App.3d 567, 101 Ill.Dec. 669, 671, 498 N.E.2d 1177, 1179 (App.Ct. 1986).
Another consideration leading to our result is that defendant could have had the jury trial it sought by defending Adler's action itself. We are certain that plaintiff would not have objected if defendant had waived its insurance protection, defended Adler's action at its own expense and, if Adler obtained a judgment, satisfied it. It is obvious, however, that defendant did not want to run the risk of a judgment as it called on plaintiff for a defense. In reality, defendant contends that it *267 should have the most favorable aspects of two inconsistent positions. It wanted to control the litigation by rejecting the settlement but it claimed the advantage of its insurance, thereby receiving a defense at plaintiff's expense and protection from Adler's claim. Inasmuch as defendant sought the protection of its insurance, it had to accept the burdens that went with it.
Finally, we note that the result we reach finds support in the case law. In Travelers Ins. Co. v. Hitchner, 61 N.J. Super. 283 (Law Div. 1960), the plaintiff insurance company had issued a liability policy with a $500 deductible to a roller skating rink. The policy had a provision permitting the carrier to settle any claim without the defendant insured's consent. The plaintiff settled a claim for $1,000. When the defendant would not pay the deductible, the plaintiff sued for reimbursement. The insured defended on a theory that his defense to the underlying liability claim was sufficient and, thus, the case should not have been settled as the claimant could not have recovered. The court rejected the insured's claim and entered judgment for the plaintiff as the policy granted the plaintiff the right to settle the case. While we recognize that almost 27 years have elapsed since the decision in Travelers Ins. Co. v. Hitchner, we find nothing in the cases since then to lead us to question the result in that case. See also Marginian v. Allstate Ins. Co., 18 Ohio St.3d 345, 481 N.E.2d 600 (Sup.Ct. 1985); Casualty Ins. Co. v. Town & Country Pre-School Nursery, Inc., supra, 147 Ill. App.3d at 567, 101 Ill.Dec. at 669, 498 N.E.2d at 1177; Orion Ins. Co., Ltd. v. General Electric Co., 129 Misc.2d 466, 493 N.Y.S.2d 397 (Sup.Ct. 1985).
In reaching our result, we have not overlooked the fact that an insurance company might act unreasonably in settling a case for less than the policy limits. For example, a carrier might settle a doubtful claim for the amount of the deductible or some lesser amount to save attorney's fees. Nevertheless, we think that for the practical considerations we have stated and because of the agreement between the insured and the company, our *268 result should be reached. In the event that a carrier does act unreasonably in settling within the policy limits, the insured's remedy will be to look elsewhere for coverage in the future.
The order of February 18, 1986 is reversed and the matter is remanded to the Superior Court, Law Division, Middlesex County, for entry of an order for partial summary judgment for liability in favor of plaintiff and for further proceedings. Inasmuch as the parties have not briefed the issue of which deductible is applicable, that issue shall be determined on the remand. We do not retain jurisdiction.
NOTES
[1] While the underlying claim of Adler was asserted in a lawsuit, obviously our opinion would also apply in cases in which the carrier settled the third-party claim without litigation.