578 So.2d 806 (1991)
Isabella K. SHARPE, M.D., Appellant,
v.
PHYSICIANS PROTECTIVE TRUST FUND, Appellee.
No. 90-717.
District Court of Appeal of Florida, First District.
April 23, 1991.
Rehearing Denied May 22, 1991.
*807 Arthur J. Ranson, III of Giles, Hedrick & Robinson, P.A., Orlando, for appellant.
Joseph M. Taraska and Todd M. Cranshaw of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for appellee.
Kimberly A. Ashby of Maguire, Voorhis & Wells, P.A., Orlando, for amicus curiae/Florida Defense Lawyers Ass'n.
SMITH, Judge.
Appellant contends in this appeal that the trial court erred in dismissing her suit against her professional liability insurance carrier. We affirm.
Appellant, a pulmonary specialist, was sued for malpractice stemming from the death of a patient during surgery. Appellant's liability carrier, Physicians Protective Trust Fund (PPTF), decided to settle the claim within the policy limits without appellant's consent. Appellant believed the malpractice suit to have been meritless, and filed suit against PPTF alleging, after amendment, that: PPTF breached its implied contractual duty of good faith by settling the claim (count I); PPTF breached its contractual duty to investigate the claim and prepare a defense (count II); and that PPTF was negligent in failing to use reasonable care in the investigation and evaluation of the malpractice claim (count IV). Appellant also sought a declaratory judgment to the effect that PPTF had an obligation to defend the malpractice claim, and that by failing to do so, PPTF caused injury to appellant (count III).
After PPTF had filed a motion to dismiss, appellant stipulated that the second amended complaint, except for count II, should be dismissed, with prejudice, reserving to appellant the right to appeal. After receiving argument on the matter, the trial court dismissed count II.
Appellant's policy with PPTF contained the following language:
[PPTF] shall have the right and the duty to defend any suit against the Member seeking such Damages, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation or such settlement of any claim or suit as it deems expedient, but the Trust Fund shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Trust Fund's Liability has been exhausted *808 by payment of judgments or settlements.[1]
Because the second amended complaint fails to allege facts showing PPTF acted in bad faith, we find no basis to reverse the dismissal of count I of the complaint. Further, the cases cited by appellant in support of her "bad faith" argument: Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (Fla. 1938); Liberty Mutual Insurance Co. v. Davis, 412 F.2d 475 (5th Cir.1969); and Boston Old Colony Insurance v. Gutierrez, 386 So.2d 783 (Fla. 1980), cert. den., 450 U.S. 922, 101 S.Ct. 1372, 67 L.Ed.2d 350 (1981), do not involve conduct by an insurer which is contemplated by the express policy terms as in this case. Appellee, on the other hand, cites substantial authority supporting the decision of the trial court below: Feliberty v. Damon, 129 A.D.2d 207, 517 N.Y.S.2d 632 (1987), aff'd, 72 N.Y.2d 112, 531 N.Y.S.2d 778, 527 N.E.2d 261 (1988) (unambiguous language of policy gave insurance company absolute right to settle claims within policy limits without consent of insured, and such action did not involve bad faith or breach of obligation to defend); Marginian v. Allstate Ins. Co., 18 Ohio St.3d 345, 481 N.E.2d 600 (1985) (where insurance contract provides that the insurer may, as it deems appropriate, settle any claim or action brought against its insured, a cause of action alleging breach of the insurer's good faith will not lie where the insurer has settled such a claim within the monetary limits of the policy). Other jurisdictions are in accord: see, Casualty Ins. Co. v. Town & Country Pre-School Nursery, Inc., 147 Ill. App.3d 567, 101 Ill.Dec. 669, 498 N.E.2d 1177 (1st Dist. 1986); U.S.F. & G. v. Sanders Drilling & Workover Co., Inc., 396 So.2d 1353 (La. App. 3d Cir.), writ denied, 401 So.2d 975 (La. 1981). See also, Orion Ins. Co., Ltd. v. General Electric Co., 129 Misc.2d 466, 493 N.Y.S.2d 397 (1985).
Appellant's allegations concerning "bad faith," at best, do no more than question PPTF's exercise of judgment in settling the malpractice claim. Bad judgment does not, in our opinion, equate with bad faith. Given the broad discretion that must be accorded to the insurer in the disposition of claims, the court should not second guess a legitimate judgment call, even if questionable.[2] Florida courts have, however, uniformly recognized that an action grounded in bad faith may be maintained where the insured suffers an excess judgment. See, Florida Physicians, Ins. Reciprocal v. Avila, 473 So.2d 756 (Fla. 4th DCA 1985), rev. den., 484 So.2d 7 (Fla. 1986).
As for appellant's claim that she may be subject to administrative review because of the settlement, she does not allege that she would not be subject to review even if the carrier had insisted on trying the case to its conclusion. While appellant also contends that her malpractice insurance premiums may increase because of the settlement, this claim is offset by the equally speculative prospect of an excess verdict, or other repercussions of a professional nature that might follow litigation, as well as the likelihood of an increase in premium costs for all insureds if the ability of the insured to settle is unreasonably circumscribed.
*809 As for the count charging that PPTF breached its duty under the insurance policy to investigate the claim and prepare a defense, we again find no basis to reverse the dismissal of count II. The language in the policy concerning PPTF's right and duty to defend any claim, when read in its entirety, indicates PPTF had complete discretion in determining how a claim was to be managed. Finally, as for count IV,[3] this count is styled as a negligence claim, though clearly appellant was seeking damages for PPTF's breach of its contractual duties to appellant. A party to a contract may not pursue a tort claim unless the breaching party has committed a tort distinguishable from or independent of the breach of contract. Strickland-Collins Construction v. Barnett Bank of Naples, 545 So.2d 476 (Fla. 2d DCA 1989).
In a case remarkably similar to the one before us, the court in Shuster v. South Broward District Physicians' Professional Liability Insurance Trust, 570 So.2d 1362, 1366 (Fla. 4th DCA 1990), held that "where an insurance policy gives the insurer the right to make such settlement of a claim as it deems expedient and the insurer settles the claim within the policy limits of insurance so that the insured is not exposed to liability, there is no cause of action for bad faith in effecting the settlement." The court observed that a contrary holding would contravene the public policy in favor of settlement of litigation, see, Florida East Coast R. Co. v. Thompson, 93 Fla. 30, 111 So. 525 (1927), and would amount to a rewriting of the insurance policy, which a court cannot do. Pastori v. Commercial Union Insurance Co., 473 So.2d 40 (Fla. 3d DCA 1985); Shuster, 570 So.2d at 1366.
In Shuster, a medical doctor sued a malpractice insurance provider after it settled three malpractice suits. The policy at issue in Shuster contains a provision virtually identical to the provision at issue in the case before us:
The company shall have the right and duty to defend any suit against the named insured seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent. The company may make such investigation and such settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
570 So.2d at 1364 (emphasis supplied by Shuster court.)
The court in Shuster stated that the use of the term "expedient" alerts an insured that when the insurance carrier is considering settling within the policy limits, the insurance carrier will be guided by its own self-interest; and further, when a party to a contract exercises a clear right under the contract, it is irrelevant whether the party acts in good faith or bad faith. 570 So.2d at 1366. The Shuster court cited as authority for this assertion Baxter v. Royal Indem. Co., 285 So.2d 652 (Fla. 1st DCA 1973), and Casualty Ins. Co. v. Town & Country Pre-School Nursery, Inc., supra.
This court did state in Baxter that if a party exercises an option given to him under the clear and lawful terms of a contract, "it would appear immaterial whether such election was motivated by good faith, bad faith, self-interest, malice, spite, or indifference." 285 So.2d at 656. To the extent that this dicta could be construed to mean that an insured could never successfully maintain a suit based on bad faith allegations when the insurance contract gives the carrier the right to settle as it deems expedient, it appears that dicta in subsequent case law, namely Boston Old Colony, supra, may suggest otherwise. Because an insurer possesses a fiduciary relationship with its insured, it thus has "a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." 386 So.2d at 785, citing Auto Mutual Indemnity Co. v. Shaw, supra. Therefore, while a suit alleging bad faith may not necessarily under all circumstances be foreclosed when *810 an insurer settles within the policy limits of an insurance contract which gives the insurer the right to settle as it deems expedient, an issue which we are not called upon to explore further, we reiterate that there were no allegations of fact sufficient to support a claim of bad faith in the instant case.
Having been shown no basis to disturb the judgment below, we affirm.
AFFIRMED.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Section 627.4147(1)(b), Florida Statutes (1985), contains the requirement that "any offer of admission of liability, settlement offer, or offer of judgment made by an insurer or self-insurer shall be made in good faith and in the best interests of the insured." Since the statute is effective only as to policies issued or renewed after October 1, 1985 (see subsection (3)), it is not applicable to this case in which the policy provided coverage only through 1983. We express no opinion as to the effect of this statutory provision, if any, on the result we reach in this case.
[2] Appellant's reliance on California precedent is misplaced. In Barney v. Aetna Casualty & Surety Co., 230 Cal. Rptr. 215, 185 Cal. App.3d 966 (1986), the insured settled for its nuisance value the claim of the driver of an auto which was involved in an accident with the insured, and obtained a dismissal with prejudice, without advising the insured of the necessity of filing a counterclaim for his own damages, and without advising that the release and dismissal would bar any claim against the other driver. Thus, the Barney case involves the insurer's release of an insured's legal claim without his knowledge or consent, and is therefore factually distinguishable.
[3] Appellant makes no argument concerning count III in this appeal.