PER CURIAM.
Appellant seeks reversal of a final summary judgment entered in her legal malpractice suit. We affirm.
Appellant is a pulmonary specialist who was involved in the care of Claire Veckruise. This patient died in April 1983 while appellant was performing a bronchoscopy. The patient’s estate filed suit against appellant alleging medical malpractice. At the time, appellant was insured by Physician’s Protective Trust Fund (hereafter, PPTF), which undertook appellant’s defense. Charles Cook Howell, the appellee in the instant case, was retained as defense counsel. Before the case went to trial, PPTF settled the medical malpractice claim for $425,000. Following this settlement, PPTF cancelled appellant’s policy.
Appellant was dissatisfied with the settlement and brought suit against PPTF alleging, in general terms, that PPTF breached its contractual duty by settling the medical malpractice suit, by not adequately investigating the case and by failing to prepare a proper defense. The lower court dismissed the amended complaint, and this court affirmed. Sharpe v. Physicians Protective Trust Fund, 578 So.2d 806 (Fla. 1st DCA 1991).
Thereafter, appellant filed the instant suit against attorney Charles Howell and his professional association, the appellees. By her amended complaint, appellant sought damages in count I for “professional negligence,” and, in count II, for “breach of the representation agreement.” With respect to count I, appellant’s allegations generally refer to Howell’s failure to pursue defenses to the Veckruise medical malpractice claim and his failure to advise her of the information disclosed by discovery. Also, appellant alleged that Howell was negligent for failing to disclose a possible conflict in representing both the appellant and her insurer. According to appellant, this allegedly negligent conduct caused PPTF to cancel her insurance, has made it difficult to secure other coverage, *315 caused her to lose hospital privileges, and hence caused a loss of income and damage to her professional reputation. With respect to count II, appellant’s allegations are similar to the allegations made regarding count I, and her damage claims are the same.
In granting appellee’s motion for a summary judgment, the trial court found that no genuine issues of material fact exist, and that as a matter of law, appellee was entitled to a judgment in his favor. Specifically, the lower court noted that as a matter of law the settlement of the underlying medical malpractice claim and the cancellation of appellant’s policy with PPTF were all matters within PPTF’s contractual authority, and that the deposition of Robert White, claims manager of PPTF established that PPTF did in fact exercise that authority when it decided to settle the ease, and to cancel appellant’s insurance coverage, based upon the insurer’s independent evaluation of the case and of appellant’s claims history.
We are well-apprised of the firmly established precept that summary judgment should be “cautiously granted” in a medical malpractice or other negligence suit. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). All reasonable inferences should be resolved against a movant for summary judgment. Moore, and Wills v. Sears, Roebuck and Co., 351 So.2d 29 (Fla.1977).
However, after consideration of the briefs and arguments of counsel, and careful review of the record, including the affidavits filed by appellant in opposition to appellee’s motion for summary judgment, we find no basis for reversal. Appellant has failed to identify any factual issue remaining for trial that, if resolved in appellant’s favor, would warrant a jury finding of a causal nexus between her damages and Howell’s alleged conduct, so as to preclude judgment for ap-pellee as a matter of law. Accordingly, the final summary judgment is
AFFIRMED.
SMITH, ALLEN and MICKLE, JJ., concur.