2026 IL App (1st) 240138-U

FOURTH DIVISION
Order filed February 11, 2026

No. 1-24-0138

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DAN EXPRESS, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 7536 |
| | ) | |
| ARTISAN AND TRUCKERS CASUALTY CO., | ) | Honorable |
| | ) | Daniel Kubasiak, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's order granting defendant's motion for judgment on the pleadings is affirmed.

¶ 2    On July 28, 2023, the plaintiff-appellant, Dan Express, Incorporated (Dan Express), filed a complaint in the circuit court against the defendant-appellee, Artisan and Truckers Casualty Company (Truckers Casualty), alleging that Truckers Casualty breached its duty of good faith by settling a meritless claim against it without its consent. In response, Truckers Casualty filed a motion for judgment on the pleadings arguing that settlement of the claim within the policy limits did not constitute a breach of its duty of good faith, entitling it to judgment on the pleadings of

Dan Express' complaint. Dan Express filed a memorandum of law opposing the motion, arguing that Truckers Casualty settled a meritless claim without presenting a defense, thereby breaching its duty of good faith and fair dealing. Truckers Casualty's amended reply in support of its motion emphasized that the insurance contract unambiguously granted it the sole discretion to defend or settle claims against Dan Express within the policy limits. On January 11, 2024, the circuit court granted Truckers Casualty's motion for judgment on the pleadings. Dan Express filed its notice of appeal on January 19, 2024. On appeal, Dan Express argues that (1) Truckers Casualty breached its duty of good faith by settling a meritless claim against Dan Express; (2) Truckers Casualty breached its contract with Dan Express by failing to defend it in court; and (3) whether Truckers Casualty acted in bad faith presented a genuine issue of fact which precluded entry of a judgment on the pleadings. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                                BACKGROUND

¶ 4      The parties entered into a contract for insurance to provide coverage of claims for property damage arising from Dan Express' use of motor vehicles. Truckers Casualty issued a Commercial Auto Policy with the policy number 939625878 (the Policy) to Dan Express for an effective period of April 1, 2020, to April 1, 2021.

¶ 5      The Policy stated:

> "Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage,** and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto.**

However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements." (Emphasis in original).

¶ 6 The parties also entered into an agreement for a Motor Truck Cargo Liability Coverage Endorsement. The liability coverage stated in part:

"Subject to the Limit of Liability, if **you** pay the premium for this Motor Truck Cargo Legal Liability Coverage, we will pay for the direct physical **loss** to **covered property** that **you** are legally liable to pay as a **trucker** under a written bill of lading, tariff document, rate confirmation sheet, shipping receipt, or contract of carriage. For this coverage to apply, the **covered property** must, at the time of **loss**, be in **your** exclusive physical custody and control:

1. While **in due course of transit** in, on, or attached to an **insured auto**; or

2. during **loading or unloading**.

Coverage applies for **loss** to **covered property** only if the **loss** is caused by a **covered peril**. For **covered property** that is **your** property, **our** payment is not contingent upon **your** liability.

**We** have the option to settle or defend any claim or lawsuit for damages covered by this endorsement. However, **we** have no duty to defend **you** against any lawsuit to which this insurance does not apply. **We** have no duty to settle or defend any lawsuit,

or make any additional payments, after the limit of liability for this **covered property** coverage has been exhausted by payment of judgments or settlements." (emphasis in original).

¶ 7    On or around September 1, 2022, Dan Express was named as a defendant in the U.S. District Court for the Northern District of Illinois, Eastern Division in the case *England Logistics, Inc. v. Dan Express, Inc.*, 22-cv-4710. In its complaint, England Logistics, Incorporated (England Logistics) alleged that Dan Express was liable for damages by failing to ship a load of turkey products at the required temperatures, causing the product to be too warm upon delivery.

¶ 8    On October 31, 2022, an attorney retained by Truckers Casualty entered an appearance on behalf of Dan Express in federal court but did not file a responsive pleading or discovery. In December 2022, Truckers Casualty and England Logistics entered into a settlement agreement without giving notice to Dan Express.

¶ 9    On July 28, 2023, Dan Express filed a complaint against Truckers Casualty. The complaint stated that the manufacturer of the trailer used for transporting the turkey products advised Truckers Casualty that Dan Express was not at fault for the damages claimed by England Logistics. Dan Express alleged that the settlement agreement was entered into "without notice or consultation" with it, the insured party, despite evidence that Dan Express was not at fault. Dan Express argued that Truckers Casualty's failure to defend it and failure to notify it that a settlement of the claims was being offered were each a breach of Truckers Casualty's duty of good faith. As a result, Dan Express alleged that it suffered severe economic harm in excess of $100,000 in terms of "increased insurance premiums, increased rental costs, damage to business reputation, and loss of sale value of the company."

¶ 10    In response, Truckers Casualty moved for a judgment on the pleadings on September 13,

2023. It argued that, even if the allegations by Dan Express were true, "Dan Express cannot plead a cause of action that is sufficient in law" entitling it to judgment on the pleadings. Specifically, Truckers Casualty denied that a breach of good faith had occurred because the terms of the Policy specifically authorized it to settle a lawsuit within the policy limits without the consent of the insured, Dan Express.

¶ 11    Dan Express filed a memorandum of law in opposition asserting that Truckers Casualty "cannot hide behind its contract language" in order to breach its duty of good faith and fair dealing.

¶ 12    On January 11, 2024, the trial court entered an order granting Truckers Casualty's motion for judgment on the pleadings. The court found that Dan Express' complaint failed to state a cause of action and failed to show the existence of "a genuine issue of material fact" regarding Truckers Casualty's actions. The court stated that there is no provision of the Policy "that requires the insured to consent to any settlement" made by Truckers Casualty.

¶ 13    Dan Express filed its notice of appeal on January 19, 2024.

¶ 14                                                  ANALYSIS

¶ 15    We note that we have jurisdiction to consider these matters, as Dan Express filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 16    On appeal, Dan Express contends that the trial court erred because (1) Truckers Casualty breached its duty of good faith by settling the meritless claim against Dan Express, (2) Truckers Casualty breached its duty to defend Dan Express, and (3) the issue of Trucker Casualty's bad faith was a factual dispute precluding judgment.

¶ 17    Dan Express argues that Truckers Casualty breached its duty of good faith and fair dealing by entering into a settlement adverse to the interests of Dan Express. It claims that the trial court

erred in allowing Truckers Casualty "to hide behind its contract language" and settle the claim against Dan Express when it knew Dan Express was not at fault. Dan Express argues that Truckers Casualty settled the federal case at an unreasonable figure and should be responsible for damages occurring due to its lack of concern for its insured.

¶ 18    It is well-established in Illinois that an insurer owes its insured an implied-in-law duty of good faith and fair dealing. *National Surety Corp. v. Fast Motor Service, Inc.*, 213 Ill. App. 3d 500, 505 (1991). An insurer who breaches the duty is liable for the tort of bad faith. *Pekin Insurance Co. v. Home Insurance Co.*, 134 Ill. App. 3d 31, 33 (1985). A bad faith claim will be recognized only if an insurer has acted in "a vexatious, unreasonable, or outrageous manner" towards the insured party. *Id.* at 34.

¶ 19    There is also an implied covenant of good faith and fair dealing in every contract. *Northern Trust Co. v. VIII South Michigan Associates*, 276 Ill. App. 3d 355, 367 (1995). The covenant of good faith requires that a party who has contractual discretion "exercise that discretion reasonably, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectation of the parties." *Id.* Those expectations are found in the contract agreed upon by the parties and parties to a contract can strictly enforce the terms of that contract. *Id.* The "implied covenant of good faith cannot overrule or modify the express terms of a contract." *Id.* In Illinois, the breach of the covenant of good faith is not an independent cause of action although it can be used to assist in construing a contract. *Id.*

¶ 20    "[W]here this court must construe the terms of a contract or an insurance policy," our review is *de novo*. *West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 30.

¶ 21    The Illinois Supreme Court has prescribed general rules for construing an insurance

contract. *Id.* at ¶ 32. The court's primary purpose in construing a contract for insurance is to understand and give effect to the parties' intent as expressed by the language of the contract. *Id.* The court will give clear and unambiguous terms their plain and ordinary meaning, but terms considered ambiguous "will be construed strictly against the insurer who drafted the contract." *Id.*

¶ 22    An insurer is typically authorized to engage in settlement negotiations on behalf of the insured based on the language of the insurance contract. *Haddick ex rel. Griffith v. Valor Insurance*, 198 Ill. 2d 409, 414 (2001). When an insurance contract provides an insurer with complete discretion with regard to the defense, including negotiation and settlement, of an action against the insured, a duty is created for the insurer to its insured. *Cernocky v. Indemnity Insurance Co. of North America*, 69 Ill. App. 2d 196, 206 (1966). However, as "long as the recovery sought in an action may not exceed the policy limits, the insurer need not consider the interests of the insured in conducting the defense." *Id.* Our analysis in *Casualty Insurance Co. v. Town & Country Pre-School Nursery, Inc.*, 147 Ill. App. 3d 567 (1986), is instructive here.

¶ 23    In *Casualty Insurance Co.*, 147 Ill. App. 3d at 569-70, the parties had entered into an insurance agreement that provided the insurer the right and duty to defend any suit against the insured, even if the allegations are "groundless, false or fraudulent" and to settle any claim or suit as it deemed expedient. The insured plaintiff argued that there was a question of whether the duty of good faith was breached when its insurer settled a claim against it after the insurer's claims adjuster informed its attorney that the insured was not liable for the damages alleged. *Id.* at 568. The insured claimed there was a factual issue of whether the insurer acted in a self-serving manner and failed to consider the interests of the insured. *Id.* at 568-69.

¶ 24    This court held that the insurer had the right to settle the case within the policy limits and therefore, its duty of good faith was not a material factual issue. *Id.* at 570. We found that the terms

of the insurance policy were clear and enforceable. *Id.* This court stated that the insured made no claim that "it was in an unequal bargaining position" with its insurer or "that it was prevented from protecting itself when it negotiated the contract of insurance." *Id.*

¶ 25 This case presents a similar scenario. The Policy at issue in this case states in pertinent part:

> "**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements." (Emphasis in original).

¶ 26 The benefits of an insurance policy, which is a contract between the insurer and insured, are determined by the terms of the contract. *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 453 (1998). If there is no ambiguity in the contract terms, "we will accord those terms their ordinary meanings and apply the policy language as written, so long as doing so would not conflict with public policy." *Citizens Insurance Co. of America v. Wynndalco Enterprises, LLC*, 70 F.4th 987, 995 (7th Cir. 2023); see also *Board of Education of Maine Township High School District No. 207 v. International Insurance Co.*, 344 Ill. App. 3d 106, 112 (2003).

¶ 27 Here, the Policy's terms regarding the insurer's discretion to defend or settle lawsuits are unambiguous. See *Casualty Insurance Co.*, 147 Ill. App. 3d at 570. The Policy states that Truckers Casualty "will settle or defend, at [its] option, any claim or lawsuit for damages covered" by the Policy. Additionally, the Policy contains no language requiring consent from the insured to settle a lawsuit against it. Nor was prior notification of settlement discussions required under the terms of the contract. Like the insured in *Casualty Insurance Co.*, Dan Express has not claimed that there

was unequal bargaining power or that it was prevented from advocating its interest when negotiating the insurance contract. See *Id.*

¶ 28    When an insurance policy authorizes the insurer to defend or settle the case within the policy limits, the insurer does not breach its duty of good faith when it does in fact settle the case within policy limits. See *Cernocky*, 69 Ill. App. 2d at 206 ("The contract leaves unto the insurer complete discretion with regard to the conduct of the defense of any action brought against the insured, including the matter of negotiation and settlement ***. So long as the recovery sought in an action may not exceed the policy limits, the insurer need not consider the interests of the insured in conducting the defense."). Truckers Casualty contracted for complete discretion to settle claims within the policy limits and did not breach its duty of good faith when it settled the claim against Dan Express within those limits. See *Casualty Insurance Co.*, 147 Ill. App. 3d at 570.

¶ 29    Dan Express also claims that Truckers Casualty failed to defend its insured and that failure constituted a breach of its contract of insurance. In support of this argument it cites *Delatorre v. Safeway Insurance Co.,* 2013 IL App (1st) 120852, where this court found the insurer breached its duty to defend the insured. However, *Delatorre* is distinguishable from this case. In *Delatorre*, 2013 IL App (1st) 120852, ¶ 5, the insurance policy did not give the insurer discretion to settle or defend a suit against the insured and obligated the insurer to defend any suit brought against the insured within the policy limits. *Delatorre* is also distinguishable because there was a $250,000 default judgment entered against the insured in that underlying case, which is not the situation in the present case.

¶ 30    Dan Express' reliance on *National Surety Corp. v. Fast Motor Service, Inc.,* 213 Ill. App. 3d 500 (1991), is similarly unavailing. In that case, this court found that an insured plaintiff had stated a claim for damages against the insurer because the settlement resulted in retrospective

premium charges for the insured. *National Surety Corp.*, 213 Ill. App. 3d at 506. However, Dan Express has made no claim that the Policy contains terms including retrospective premiums.

¶ 31    Since the Policy clearly provides that Truckers Casualty has discretion to settle or defend claims against its insured, Dan Express, there was no breach of contract where Truckers Casualty chose to settle a claim within policy limits instead of defending the claim.

¶ 32    Finally, Dan Express contends that there existed a genuine question of material fact around Truckers Casualty's intent and whether it acted in good faith, precluding a grant of judgment on the pleadings.

¶ 33    We review the grant of a motion for judgment on the pleadings *de novo*. *Hooker v. Illinois State Board of Elections*, 2016 IL 121077, ¶ 21. "Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id.* A court's considerations may include only those facts that appear on the face of the pleadings, judicially noticed matters, and judicial admissions on the record. *Id.* "All well-pleaded facts and reasonable inferences based on those facts are taken as true." *Id.*

¶ 34    As stated, the terms of the Policy allowing Truckers Casualty discretion to defend or settle a claim within policy limits are clear and enforceable. Therefore, Truckers Casualty's good faith was not an unresolved question of material fact precluding judgment on the pleadings. Accordingly, we find the trial court did not err when granting Truckers Casualty's motion for judgment on the pleadings.

¶ 35                                   CONCLUSION

¶ 36    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 37    Affirmed.