591 So.2d 174 (1992)
Marvin M. SHUSTER, M.D., et al., Petitioners,
v.
SOUTH BROWARD HOSPITAL DISTRICT PHYSICIANS' PROFESSIONAL LIABILITY INSURANCE TRUST, etc., Respondent.
No. 77194.
Supreme Court of Florida.
January 2, 1992.
*175 Charles C. Powers and Maxine A. Braten of Powers and Koons, P.A., Palm Beach Gardens, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for petitioners.
Jay Cohen of Atkinson, Jenne, Diner, Stone, Cohen & Klausner, P.A., Hollywood, for respondent.
Kimberly A. Ashby of Maguire, Voorhis & Wells, P.A., Orlando, amicus curiae for Florida Defense Lawyers Ass'n.
Joseph M. Taraska and Todd M. Cranshaw of Taraska, Grower, Unger & Ketcham, P.A., Orlando, amicus curiae for Physicians Protective Trust Fund.
Arthur J. Ranson, III of Giles, Hedrick & Robinson, P.A., Orlando, amicus curiae for Isabella K. Sharpe, M.D.
Richard W. Wasserman, Miami Beach, amicus curiae.
McDONALD, Justice.
We review Shuster v. South Broward Hospital District Physicians' Professional Liability Insurance Trust, 570 So.2d 1362, 1369 (Fla. 4th DCA 1990), in which the district court certified the following question as being of great public importance:
MAY AN INSURED MAINTAIN AN ACTION AGAINST HIS INSURER FOR BAD FAITH WHERE THE INSURER HAS SETTLED A CAUSE OF ACTION AGAINST THE INSURED WITHIN THE POLICY LIMITS OF THE INSURANCE CONTRACT WHICH PROVIDES THAT THE INSURER MAY SETTLE THE CLAIM AS IT DEEMS EXPEDIENT, AND THE INSURED IS NOT EXPOSED TO AN EXCESS JUDGMENT BUT IS CAUSED OTHER DAMAGES AS A RESULT OF THE SETTLEMENT?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the certified question in the *176 negative and approve the district court's decision.
South Broward Hospital District Physicians' Professional Liability Insurance Trust (Physicians' Trust) insured Shuster, a physician, and his professional corporation against medical malpractice liability. This case arose when Physicians' Trust settled three suits pending against Shuster for amounts within the limits of his policy. Even though he was not subjected to a judgment in excess of policy limits, Shuster filed a common law third-party bad faith action against Physicians' Trust alleging it acted in bad faith by entering into the settlements without fully investigating the claims. Shuster further asserted that Physicians' Trust had settled the suits for sums substantially in excess of reasonable settlement values, even though Shuster had requested it deny liability and defend the suits.
With respect to damages, Shuster claimed he could no longer maintain malpractice insurance as the direct and proximate result of the bad faith settlements and, thus, suffered a loss of income due to his inability to perform certain procedures which required insurance coverage. Shuster also sought recovery for damage to his reputation and for mental and emotional distress. The trial court granted Physicians' Trust's motion to dismiss with prejudice for failure to state a cause of action upon which relief may be granted, and Shuster appealed the decision. The district court upheld the dismissal and certified the issue to this Court.
This Court has previously held that, when an insured has surrendered all control over the handling of a claim to the insurer, the insurer assumes "a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured." Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783, 785 (Fla. 1980). The insurer has the duty to investigate the facts and give fair consideration to the claims pending. In other words, the "insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." Id. Some courts have held that this good faith obligation is not limited to cases in which the insurer's refusal to settle within the policy limits exposes the insured to an excess judgment. See American Home Assurance Co. v. Hermann's Warehouse Corp., 117 N.J. 1, 563 A.2d 444 (1989). However, an insurer's good faith discretion is broader when deciding to settle a claim within the policy limits than when refusing to settle or defend a claim. See Gardner v. Aetna Cas. & Sur. Co., 841 F.2d 82 (4th Cir.1988).
In the instant case, the insurance policy[1] contains a provision stating that:
The company shall have the right and duty to defend any suit against the named insured seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent. The company may make such investigation and such settlement of any claim or suit as it deems expedient.

(Emphasis added.) While this provision surrenders all control over the handling of the claim to the insurer and imposes a corresponding duty upon the insurer to exercise such control in good faith, the provision also expressly provides that the insurer can settle as it "deems expedient." As the district court pointed out, expedient is defined in Webster's New World Dictionary, College Edition as "useful for effecting a desired result," and "based on or offering what is of use or advantage rather than what is right or just; guided by self interest." Shuster, 570 So.2d at 1368.
The language of the provision is clear and the insured was put on notice that the agreement granted the insurer the exclusive authority to control settlement and to be guided by its own self-interest *177 when settling the claim for amounts within the policy limits. The obvious intent behind placing the provision in the agreement was to grant the insurer the authority to decide whether to settle or defend the claim based on its own self-interest, and this authority includes settling for the nuisance value of the claim. Therefore, we interpret the provision as granting the insurer the discretion to settle cases for amounts within the policy limits, regardless of whether the claim is frivolous or not. The parties have expressly contracted with respect to the subject matter and this Court declines to rewrite the policy when the insurer merely exercises its rights under the agreement. See Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla. 1979); see also American Home Assurance, 563 A.2d at 448.
We recognize that every contract requires the good faith performance of its provisions. However, the act of settling a claim either for nuisance value, or for an amount lower than the actual value of the suit, is not bad faith performance of the right to settle as one "deems expedient." The agreement expressly granted the insurer the right to settle within the policy limits, regardless of the merits of the claims, and we believe settlements such as those in the instant case are exactly what the parties contemplated when entering into the agreement. Therefore, there is nothing in this case which demonstrates bad faith performance on the part of the insurer.
While our decision is clearly in accord with the great majority of other jurisdictions to have addressed this issue,[2] it is important to note that the discretion granted by a "deems expedient" provision is not absolute. The extent of the discretion granted is determined by the intent and expectations of the parties in entering into the agreement. Rigel v. National Cas. Co., 76 So.2d 285 (Fla. 1954) (the language of an insurance contract should be construed to give effect to the intent of the parties); James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla. 1953) (agreements must be interpreted in accordance with the intent of the parties at the time the agreement is executed, if that intent can be ascertained from the language). For example, when there are multiple parties to a suit, we do not believe a "deems expedient" clause will protect an insurer who, in bad faith, indiscriminately settles with one or more of the parties for the full policy limits, thus exposing the insured to an excess judgment from the remaining parties. Clearly, the intent of the parties would not have been to allow the insurer to escape its primary duty to defend and indemnify the insured merely by paying out the full sum of the policy limits in bad faith. Inter-Ocean Cas. Co. v. Hunt, 138 Fla. 167, 189 So. 240 (1939) (an insurance contract should not be interpreted so as to deprive the insured of the indemnity that was the purpose behind the execution of the contract); National Cas. Co. v. General Motors Accept. Corp., 161 So.2d 848 (Fla. 1st DCA 1964) (the language of the contract should not be used to defeat the very purpose for which the policy was procured).
Another situation in which this issue may arise is one in which the insurer acts in bad faith and without regard to the insured's interests by settling a claim in a manner that bars the insured's counterclaim. See Barney v. Aetna Cas. & Sur. Co., 185 Cal. App.3d 966, 230 Cal. Rptr. 215 (1986). Again, in contrast to the right to settle a claim within the policy limits without considering the impact of higher premiums or damage to the insured's reputation, we do not believe the language of the contract would indicate, nor do we believe it would have been the intent of the parties, that the insured give up his or her right to a counterclaim by entering into the agreement.[3]
*178 We hold that, absent unusual circumstances such as those discussed above, in cases in which the insurance contract or policy provides that the insurer may "make such investigation and such settlement of any claim or suit as it deems expedient" a cause of action for breach of a good faith duty owing to the insured will not lie for failure to defend or investigate a claim when the insurer has settled the claim for an amount within the limits of the insurance policy. Therefore, we approve the decision of the district court.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The insurance policy in this case was issued prior to October 1, 1985. Therefore, subsection 627.4147(1), Florida Statutes (1985), which affects policies issued after that date, is not applicable to this case. We do not express an opinion as to the effect of that section upon this issue.
[2] Mitchum v. Hudgens, 533 So.2d 194 (Ala. 1988); Casualty Ins. Co. v. Town & Country Pre-School Nursery, Inc., 147 Ill. App.3d 567, 101 Ill.Dec. 669, 498 N.E.2d 1177 (Ill. App.Ct. 1986); American Home Assur. Co. Inc. v. Hermann's Warehouse Corp., 117 N.J. 1, 563 A.2d 444 (1989); Feliberty v. Damon, 72 N.Y.2d 112, 531 N.Y.S.2d 778, 527 N.E.2d 261 (1988); Marginian v. Allstate Ins. Co., 18 Ohio St.3d 345, 481 N.E.2d 600 (1985).
[3] Of course, the insured may not demand that the insurer refrain from settling in order to preserve the insured's counterclaim and then file suit against the insurer for bad faith failure to settle when an adverse holding results in an excess judgment against the insured. See Boston Old Colony Ins. Co. v. Gutierrez 386 So.2d 783 (Fla. 1980).