39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manouchehr RASHIDI, Plaintiff-Appellant,
v.
FARMERS INSURANCE EXCHANGE, Truck Insurance Exchange,
Defendants-Appellees.
 No. 93-17383.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 31, 1994.
 
 1
 Before: PREGERSON, WIGGINS, Circuit Judges, and FONG,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Manouchehr Rashidi, who was named as a defendant in forty-three civil suits, appeals the district court's grant of summary judgment for defendants, Farmers Insurance Exchange and Truck Insurance Exchange ("TIE"), in Rashidi's diversity action. In that action, Rashidi alleged that TIE acted in bad faith in settling the civil actions brought against him. The district court granted the motion for summary judgment under Fed.R.Civ.P. 56 because it found that TIE's decision to settle was clearly reasonable and within its right under the terms of the insurance policy. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 4
 From 1984 to 1988, a total of fifty-two civil actions of what was to become known as the "Montessori cases" were filed against the Montessori school in Reno, Nevada, and its employees for child abuse and/or negligent supervision of minor children enrolled at the school. Of those, forty-three named Manouchehr Rashidi, a former employee as a defendant. In addition, in May 1984, the Washoe County Grand Jury returned an indictment against Rashidi for child abuse and sexual assault he inflicted upon six children. The District Attorney dismissed all criminal charges against Rashidi on July 29, 1987, and ordered his criminal record to be sealed.
 
 
 5
 Don Nomura was retained by TIE to defend Rashidi in the civil matters, and ultimately settled forty-one of the forty-three civil suits against Rashidi by paying monetary damages.[1] The insurance policy contained a provision explicitly authorizing TIE to settle any claim "as it deems expedient," even if any of the allegations are "groundless, false, or fraudulent." C.R. 30, Ex. A at 50. Rashidi maintained his innocence throughout the course of the litigation, and repeatedly objected to any consideration of settling the cases.
 
 
 6
 Nevertheless, after an investigation and an evaluation of the offers made by the plaintiffs in the state civil suits, TIE decided to settle and gave the following reasons for its decision: settlement would avoid the risk of a jury verdict in excess of the policy limits and protect the insured's personal assets; it would avoid further defense costs; it would protect the insurer from potential liability for not settling; the settlement demands from the plaintiffs were minimal; and an agreement that the settlements would be confidential would protect the privacy of all parties.
 
 
 7
 However, instead of minimizing publicity, Rashidi desired heightened exposure through a trial to clear his name. Rashidi commenced the instant action on August 21, 1992, alleging that TIE breached its duty of good faith to him by settling the suits over his objection, and in a manner which effectively extinguished his ability to maintain an action for malicious prosecution. The District Court for the District of Nevada granted TIE's motion for summary judgment because it found that the insurance policy gave TIE the right to settle, Rashidi failed to show that TIE had no reasonable basis for its decision, and the settlement did not necessarily bar any suits for malicious prosecution that Rashidi may wish to initiate. Rashidi now appeals.
 
 ANALYSIS
 
 8
 We review de novo the district court's grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 9
 In a motion for summary judgment, the moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden the party opposing the motion may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.
 
 1. Duty of Good Faith and Fair Dealing
 
 10
 Under Nevada law, the insurance policy governs the respective rights and obligations of the insurer and insured. In Senteney v. Fire Insurance Exchange, 707 P.2d 1149, 1150 (Nev.1985), the court held that it will not rewrite unambiguous insurance policy provisions or attempt to change the legal obligations of the parties. See also Farmers Ins. Exchange v. Young, 832 P.2d 376, 379 n. 3 (Nev.1992) (holding that the policy will be strictly enforced if the language is clear, irrespective of the fact that the insured may reasonably have had a contrary expectation). The insurance policy issued by TIE clearly gives it the right to settle any claim as it deems expedient, even if the claim against the insured is groundless.
 
 
 11
 While the court in Senteney did not confront specifically the obligation owed when settling a claim, other courts that have squarely addressed the issue have held that the policy controls. In Schuster v. South Broward Hospital Dist. Physicians' Professional Liability Ins. Trust, 591 So.2d 174, 176 (Fla.1992), the court held that the "deems expedient" language of a policy confers all control over the handling of the claim to the insurer. See also John Appleman, Insurance Law and Practice Sec. 4711 at 367-70 (Berdal ed., 1979). The court concluded that such language gave the insurer the discretion to be guided by its own self interest, because, according to the dictionary definition of "expedient," the decision could be based on "what is of use or advantage rather than what's right or just." Id. We thus agree with the district court that TIE's decision to settle the suits against Rashidi to avoid further defense costs was clearly authorized.
 
 
 12
 The discretion to settle, however, is not absolute. The court in Schuster noted that when the insured surrenders control over handling the claim, the insurer assumes "a duty to exercise such control and make decisions in good faith with due regard to the interests of the insured." 591 So.2d at 176. Rashidi contends that notwithstanding the terms of the policy, TIE settled in bad faith because its agents knew that he had been consistently opposed to settlement.
 
 
 13
 In Falline v. GNLV Corp., 823 P.2d 888, 891 (Nev.1991), the Nevada Supreme Court set forth the test for bad faith: "the absence of a reasonable basis for denying benefits ... or reckless disregard of the lack of a reasonable basis for denying the claim." We agree with the district court that TIE had a reasonable basis for settling. While the settlement enabled TIE to avoid incurring substantial defense costs, it also shielded Rashidi from a potential judgment in excess of the policy limit, which would have subjected him to personal liability for any damages.
 
 
 14
 2. Preclusion of Potential Claim for Malicious Prosecution
 
 
 15
 TIE's decision is all the more supportable because contrary to Rashidi's assertion, the settlement does not necessarily preclude his cause of action for malicious prosecution. See Schuster, 591 So.2d at 176-77 (noting that bad faith may be found if the settlement is contrary to the expectations of the parties when they entered into the agreement, such as barring the insured's counterclaim). Rashidi contends that the settlement does not qualify as a termination of the litigation that is favorable to him, one of the requisite elements of the tort of malicious prosecution. We disagree.
 
 
 16
 While the Nevada Supreme Court has not explicitly held that the termination of the underlying action must be favorable to the plaintiff in a malicious prosecution suit, see Catrone v. 105 Casino Corp., 414 P.2d 106, 107-08 (Nev.1966), the district court properly concluded that a favorable termination would be required. See Cottino v. Harrison, 615 P.2d 246 (Nev.1980) (conviction of plaintiff precluded his malicious prosecution action); Restatement (Second) of Torts Sec. 653(b) (1977). The Nevada courts also have not ruled on whether a settlement qualifies as a termination favorable to the plaintiff. While the general rule is that it does not, see, eg., Evans v. Alabama Professional Health Consultants, Inc., 474 So.2d 86, 88 (Ala.1985); Ogle v. Price, Postel & Parma, 12 Cal.Rptr.2d 199, 202 (1992), we agree with the district court that a settlement negotiated beyond the insured's control would not automatically fail to meet the favorable termination requirement.
 
 
 17
 First, there is some authority deviating from the general rule. In Weaver v. Superior Court, 156 Cal.Rptr. 745, 755 (1979), the court noted the relevance of the underlying reasons for which a defendant voluntarily abandons an earlier suit in determining whether the termination is favorable. See also, Minasian v. Sapse, 145 Cal.Rptr. 829, 832 (1978) (holding that a dismissal for failure to prosecute constitutes favorable termination). Second, an insurer's settlement of a claim against its insured, made without the insured's assent or ratification, generally will not bar an action by the insured against the person who received the settlement on a claim arising out of the same occurrence. Austin v. Cox, 492 So.2d 1021, 1022 (Ala.1986); Shields v. Del Rosario, 303 So.2d 355, 357 (Fla.1974); 32 A.L.R.2d 937.
 
 CONCLUSION
 
 18
 Despite the uncertainty of whether the Nevada courts would in fact allow Rashidi to initiate an action for malicious prosecution, the district court correctly noted that Rashidi would be free to pursue other claims such as abuse of process, which does not have a favorable termination requirement. At bottom, TIE negotiated a settlement that was reasonable and wholly within its right as clearly specified by the insurance policy.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harold M. Fong, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Two of the cases were dismissed with prejudice by the state court. Roe v. Montessori Schools, Ltd., No. 86-3649 (Nev.D.C.1990)