POLEN, Judge,
concurring in part and dissenting in part.
I agree with the majority that an excess judgment is not necessary to assert causes of action for breach of contract, conspiracy, intentional interference with the insurance contract, as well as indemnity between NAVL and Effort. However, contrary to the majority opinion, I think an excess judgment is a prerequisite to a common law bad faith action.
To the extent that Counts IV and V purport to be common law bad faith claims there are no Florida cases which say that such a claim can be brought without an excess verdict. Rather, the following view expressed in Fidelity & Casualty Co. of New York v. Cope, 462 So.2d 459 (Fla.1985), appears to be predominant:
The essence of a “bad faith” insurance suit (whether it is brought by the insured or by the injured party standing in his place), is that the insurer breached its duty to its insured by failing to properly or promptly defend the claim (which may encompass its failure to make a good faith offer of settlement within the policy limits)—all of which results in the insured being exposed to an excess judgment.
460 So.2d at 460. See also Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA 1982) (reaching the above holding adopted in Cope).
The Eleventh Circuit’s unreported opinion in Pullmai'u-Peabody v. Liberty Mutual Insurance Company, (November 1992), is also persuasive, as under similar facts to the ones *1335 at bar, that court determined that an excess judgment must be entered against an insured in order for it to state a claim against its insurance company for breach of good faith under the common law or under section 624.155(1)0)1, Florida Statutes[5]. Specifically, the complaint in Pullman alleged that Liberty Mutual insured Pullman for $5 million, which included a $1 million self-retention amount by Pullman. A personal injury suit was filed against Pullman. Before trial, the plaintiff offered to settle at policy limits, and the defense attorney and the court-appointed mediator both recommended accepting the offer. Liberty Mutual refused to pay more than $2.5 million on the claim. In order to reach the $5 million settlement offer, Pullman paid $1.5 million in addition to the $1 million self-retention amount. Pullman reserved its right to sue Liberty Mutual for the additional $1.5 million, claiming Liberty Mutual’s failure to pay the $4 million constituted bad faith. The district court granted Liberty Mutual’s motions to dismiss because an excess judgment had not been entered against Pullman. The Eleventh Circuit also affirmed on the authority of Shuster v. South Broward Hospital District Physicians’ Professional Liability Insurance Trust, 591 So.2d 174 (Fla.1992), contending that Shuster stood for the general rule that when an insurance contract provides for insurance company control over the settlement decision, settling the claim within the policy limits, precludes a bad faith action against the company.
In its brief, North American referenced Cunningham v. Standard Guaranty Insurance Company, 630 So.2d 179 (Fla.1994), to support its contention that an excess judgment is not required. The Cunninghams were injured in an automobile accident with James who had a liability insurance policy for $10,000. The Cunninghams joined James’s insurance company, alleging bad faith by failing to settle the claim. The Cunninghams and the insurance company stipulated to try the bad faith action prior to the underlying negligence claim and that if no bad faith was found they would settle for the policy limits. Following a jury determination, the trial court entered an order that the insurance company had acted in bad faith. The district court reversed this judgment based on its determination that the trial court had no' jurisdiction to determine the bad faith of the insurance company prior to the entry of a judgment against James in excess of the policy limits on the underlying tort claim. Id. at 180. However, the supreme court reversed the district court, holding that the trial court had jurisdiction to decide the insurer’s liability for bad faith handling of a claim prior to final determination of the underlying tort action for damages brought by a motorist against a driver where the parties stipulated that the bad faith action could be tried before the underlying negligence claim. The following portion of the supreme court’s holding illustrates, however, that the excess judgment requirement was not dispensed with and that the stipulation served as its functional equivalent:
Under ordinary circumstances, a third party must obtain a judgment against the insured in excess of the policy limits before prosecuting a bad-faith claim against the insured’s liability carrier. See Blanchard v. State Farm Mut. Auto. Ins., 575 So.2d 1289 (Fla.1991) (announcing analogous rule to that of a first-party bad-faith claim). However, even if a complaint were filed asserting a bad-faith claim against a liability insurance company without alleging the existence of a judgment against the insured in excess of the policy limits, the most that could be said would be that the complaint failed to state a cause of action. While the complaint in the instant case did not allege an excess judgment, the stipulation between the parties dispensed with the necessity of that requirement. The stipulation was the functional equivalent of an excess judgment for purposes of satisfying the principle of Cope.
Id. at 181-82 (emphasis supplied). Thus, Cunningham does not support reversal as North American suggests, but rather sup *1336 ports affirmance and the excess judgment requirement, when distinguished from the case at bar based on the stipulation.
The majority relies on the principle that a bad faith action is “ex contractu” as support for the conclusion that the same result should obtain regardless of whether a breach of contract action or a bad faith action is brought, thereby eliminating the necessity for an excess judgment. However, subtle differences exist between these two causes of action; otherwise the bad faith counts would be unnecessary duplication.
I would further add that while the majority attempts to make a distinction between indemnity and liability insurance policies, I cannot agree that under existing case law the requirement that the insured must suffer an excess judgment would be alleviated under an indemnity insurance contract. Rather, I would recommend certifying a question in this regard. Further, unlike the majority, I would not rely on a California case as a basis to support a conclusion that an excess judgment is not needed in such a scenario.
Finally, if the plaintiff was intending to assert a statutory bad faith claim, then what the trial court should have done is dismiss the bad faith counts without prejudice and give the plaintiff the opportunity to plead with specificity why a violation of section 624.155(l)(b)l, Florida Statutes, took place. This statute has no underlying excess judgment requirement; rather, the plaintiff would be asserting a strict statutory claim. See Zebrowski v. State Farm, 673 So.2d 562 (Fla. 4th DCA 1996) (recognizing that there is no indication under section 624.155 that an excess judgment is an essential ingredient of an injured party’s cause of action).
In conclusion, I cannot agree with the portion of the majority opinion concluding that an excess judgment is not a requirement of a bad faith action. Rather, I would affirm the dismissal of the bad faith counts.

. Although appellant's claims appear to be based solely on common law bad faith, they do allege compliance with conditions precedent required by section 624.155. Accordingly, I have treated the possibility counts IV and V were intended as statutory claims at the end of this dissent.