L.C. RENNINGER CO., INC., Plaintiff,

v.

VIK BROTHERS INSURANCE, INC., Defendant.

Civ.A. No. 96–172 Erie.

United States District Court, E.D. Pennsylvania.

Feb. 26, 1997.

Paul F. Burroughs, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., Erie, PA, for L.C. Renninger Co., Inc.

R. Kenneth Willman, James W. Young, Jr., Keith E. Whitson, Willman & Arnold, Pittsburgh, PA, for VIK Brothers Insurance, Inc.

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, District Judge.

This is a bad faith suit against a workers' compensation insurer for allegedly paying a fraudulent claim. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Presently pending before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6). For the reasons set forth below, Defendant's motion pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

1. VIK Brothers Insurance, Inc. (VIK) is Northwestern's successor by virtue of purchasing Northwestern's parent company, Northwestern National Casualty Company.

## I. BACKGROUND

Accepting as true all factual allegations in the complaint, the following background is relevant to this motion: L.C. Renninger, Inc. (Renninger) purchased a workers' compensation insurance policy from Northwestern National Casualty Company[1] (Northwestern) which provided coverage for the period including September 16, 1994. On that date, one of Renninger's employees reported that he had suffered a work related injury. Renninger submitted a workers' compensation injury report to Northwestern, but advised Northwestern that it believed the claim should not be paid because the employee sustained his injury while unloading a generator, which he had borrowed for use at his hunting camp, from the back of his truck. Renninger alleges that, despite this fact, Northwestern simply paid the claim without making an adequate investigation into whether the injury was actually work related. Renninger further alleges that subsequently Northwestern and VIK never sought to investigate the validity of the claim or terminate the employee's benefits.

Renninger claims that its workers' compensation "experience modification factor"[2] has increased from .97 to 1.35 as a result of the improperly paid claim, causing an increase in its insurance premium of $40,000 in 1995 and a prospective increase of $100,000 during the next three years. Renninger filed the instant complaint on June 11, 1996, alleging breach of the insurance contract and bad faith under Pennsylvania law for failure to make a good faith investigation before paying the claim.

The Northwestern policy contains the following clause regarding investigation and settlement of claims:

> We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investi-

2. The experience modification factor is based on an employer's claims history and is used to calculate a premium. (Complaint ¶ 14).

gate and settle these claims, proceedings or suits.

(Complaint Exhibit A.)

## II. STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), this Court accepts as true all factual allegations in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The proper inquiry is "whether relief could be granted ... 'under any set of facts that could be proved consistent with the allegations.'" *Gasoline Sales, Inc. v. Aero Oil Co.,* 39 F.3d 70, 71 (3d Cir.1994) (*quoting National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994)). If no cause of action can be identified, dismissal is proper.

■ Dismissal for lack of subject matter jurisdiction is appropriate only if the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1280–81 (3d Cir.1993) (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)). "The threshold to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir.1989).

## III. DISCUSSION

A. Rule 12(b)(1)

■ Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims because 77 P.S. § 481 vests the Pennsylvania Workers' Compensation Board (PWCB) with exclusive jurisdiction over Plaintiff's claims. This argument is without merit.

The statute vests the PWCB with exclusive jurisdiction over workers' compensation claims. Every case to which the Defendant cites involved claims against an insurer or employer by a person claiming to be entitled to workers' compensation benefits. *See, e.g.,*

*Workmen's Compensation Appeal Board v. Cicioni,* 29 Pa.Cmwlth. 381, 370 A.2d 1256 (1977) (whether insurance company was liable for claim because it had ineffectively cancelled policy); *Kuney v. P.M.A. Ins. Co.,* 525 Pa. 171, 578 A.2d 1285 (1990) (whether claimant could recover in tort action against insurer for mishandling claim). There is no authority for the idea that the statute grants the PWCB exclusive jurisdiction over bad faith claims against insurance companies by their insureds.

B. Rule 12(b)(6)

■ The extent to which Pennsylvania law recognizes a cause of action for bad faith against an insurer for settling a *claim* is an open question. The Pennsylvania Supreme Court has not spoken on the subject. In *Bleday v. OUM Group,* 435 Pa.Super. 395, 645 A.2d 1358 (1994), *alloc. denied,* 540 Pa. 591, 655 A.2d 981 (1995), the Pennsylvania Superior Court indicated that it would recognize a cause of action in limited circumstances, but did not explicate the circumstances under which it would do so.

*Bleday* involved a claim for bad faith against an insurer for settling a medical malpractice claim without obtaining the insured's consent. *Id.,* 645 A.2d at 1360. The plaintiffs claimed that they were subjected to increased future premiums, loss of earnings and harm to reputation because the doctor's name would be placed on a national list of those involved in malpractice suits. *Id.* The insurance policy contained a "deems expedient" clause, which provided that:

> [t]he company shall have the right and duty to defend any suit against the **insured** seeking damages because of such injury even if any of the allegations of the suit are groundless, false or fraudulent. The company may make such investigation and settlement of any claim or suit as it deems expedient. (Emphasis in original)

*Id.* at 1359–60.

In deciding whether the "deems expedient" clause insulated the insurer from bad faith claims for settling within policy limits, the Superior Court reviewed case law from

other jurisdictions[3] and concluded that "a claim for bad faith may, in limited circumstances, be asserted against the insurance company notwithstanding [the clause]." *Id.* at 1360. The court reasoned that the clause could not be read to confer an absolute right to settle if such a settlement was beyond the intent of the parties. *Id.* at 1360–61. The Superior Court agreed with the reasoning of the Supreme Court of Florida in *Shuster*[4] and indicated that, under limited circumstances, it would recognize a cause of action for bad faith when a claim was settled within policy limits. *Id.* at 1363. The court held that "something more" was required than the "speculative" and "prospective" damages which had been alleged. *Id.* Unfortunately, the court did not provide further guidance regarding what additional circumstances would be required to sufficiently allege bad faith for settling a claim within policy limits. *Id.*

Under *Bleday*, the question before us is really two-fold. First, we must determine whether the clause governing settlement in the instant policy should be characterized as a "deems expedient" clause. Second, we must determine whether circumstances have been alleged under which Pennsylvania law is likely to recognize a cause of action for bad faith. We will address each in turn.

First, we conclude that the clause in the policy governing settlement qualifies as a "deems expedient" clause. Although the clause does not contain the words "deems expedient," the plain language of the clause makes it obvious that the parties intended to create such a relationship. The parties bargained for Northwestern to have both a "right and duty" to defend claims, but only a "right" to investigate and settle claims.

There is no indication that the parties intended Northwest to undertake any duty with respect to investigating claims before settling them. The clause, therefore, is the functional equivalent of an express "deems expedient" provision.

Second, we conclude that Pennsylvania law would not recognize a cause of action for bad faith under the circumstances that have been alleged. Renninger argues that it has sufficiently alleged a cause of action under *Bleday* because its workers' compensation premium is certain to increase due to the operation of the experience modifier, and thus its damages are not "speculative" within the meaning of *Bleday*. We are constrained to reject this argument by the Third Circuit's narrow reading of *Bleday* in *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828 (3d Cir.1995).

*Caplan* involved a Title VII claim. *Caplan*, 68 F.3d at 831. When the employer's insurance company appeared close to settlement with the employee, the employer sought a temporary restraining order and preliminary injunction preventing the insurer from settling without its consent. *Id.* at 832. The employer raised two arguments in support of its motion: first, that the claim had cost it tens of thousands of dollars per month and that settlement without public retraction of the claims would prevent the defendant from clearing its name; second, that the settlement would extinguish its ability to bring a claim against the employee for malicious prosecution.[5] *Id.* The district court granted the employer's motion, despite a "deems expedient" clause in the policy, and the insurer and employee appealed. *Id.* at 831. The Third Circuit reversed, reading *Bleday* as only recognizing a cause of action

---

3. Specifically, the Superior Court considered: *Marginian v. Allstate Insurance Company*, 18 Ohio St.3d 345, 481 N.E.2d 600 (Oh.1985); *Feliberty v. Damon*, 72 N.Y.2d 112, 531 N.Y.S.2d 778, 527 N.E.2d 261 (1988); *Mitchum v. Hudgens*, 533 So.2d 194 (Ala.1988); *Shuster v. South Broward Hospital*, 591 So.2d 174 (Fla.1992).

4. In *Shuster* the Supreme Court of Florida held that it would recognize a cause of action for bad faith for settling within policy limits in two narrow sets of circumstances. *Shuster*, 591 So.2d at 177. The first is a situation where there are multiple parties to a lawsuit and the insurer

indiscriminately settles with one of the plaintiffs for the full amount of the policy, exposing the insured to an excess judgment. *Id.* The second is a situation where an insurer settles a claim without regard to the fact that it may be barring a counterclaim of the insured. *Id.*

5. The employer had originally counterclaimed against the employee, but the counterclaim was dismissed as premature because the proceeding had not been terminated in favor of the employer. *Caplan*, 68 F.3d at 831.

for bad faith for settling within policy limits in the limited circumstances outlined in *Shuster*. *Id.* at 837. The Third Circuit held that neither a settlement's effect on a defendant's ability to bring a claim in the future nor "complaints of increased insurance premiums, loss of business and harm to reputation would support a cause of action under Pennsylvania law against an insurer for bad faith in settling a suit within policy limits." *Id.* at 837–838. The Third Circuit reasoned that requiring an insurer to obtain its insured's consent before settling under such circumstances might expose the insurer to a finding of unfair or deceptive insurance practices under Pennsylvania's Unfair Insurance Practices Act, 40 P.S. § 1171.1 *et seq*. *Id.* at 837.

In light of *Caplan*, we can not read *Bleday* to permit a cause of action for bad faith settlement within policy limits where the damages consist of increased future insurance premiums, even if the insured can demonstrate that those increases are certain. Moreover, since Renninger's allegations obviously do not fit within either of the narrow exceptions spelled out in *Shuster*, we are compelled to dismiss the complaint.

### IV. CONCLUSION

An appropriate order follows.