914 So.2d 449 (2005)
Blossom COHEN, Abraham Cohen and Medical Protective Company of Fort Wayne, Indiana, Appellants,
v.
Mark FREEMAN, and Mark Freeman, M.D. P.A., Appellees.
No. 4D04-2208.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
Rehearing Denied December 8, 2005.
Arthur J. Morburger, Miami, Alvin N. Weinstein, Miami, and Brian R. Hersh, Miami, for Abraham and Blossom Cohen.
Michele I. Nelson of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., West Palm Beach; David Van Dyke and Brian Schroeder of Cassiday, Schade & Gloor, Chicago, IL, for Medical Protective Company of Fort Wayne, Indiana.
Richard H. Willits of Richard H. Willits, P.A., Lake Worth, for appellees.
FARMER, J.
The parties to a settlement agreement in a medical malpractice action appeal the trial court's refusal to enforce their settlement.[1] Because of procedural irregularities in their motion to enforce the settlement, we find no error in the trial court's initial decision declining to enter a judgment of enforcement.
*450 But we emphasize our decision is without prejudice to appellants for filing a clear motion directed to that subject only, giving proper notice of the hearing on that motion, and presenting evidence or a written stipulation to the trial court establishing the settlement and the terms thereof. Upon compliance with these procedural requirements, appellants will be entitled to immediate enforcement of their settlement by appropriate judgment.
We note that since the settlement was reached by appellants, the defendant doctor has objected to the settlement, attempting to cancel the policy of liability insurance as a result. He has also filed a bad faith claim against the insurer for entering into the settlement without his consent. We note that he does not claim that the settlement prejudiced any counterclaim he had previously asserted in the malpractice action; nor does he claim that the settlement subjects him to a judgment above policy limits.
His arguments are insufficient as a matter of law to prevent the claimant and the carrier from settling the medical malpractice action. See Shuster v. South Broward Hosp. Dist. Phys. Prof. Liab. Ins. Trust, 591 So.2d 174 (Fla.1992) (holding that in the absence of unusual circumstances, where an insurance policy authorizes the insurer in good faith to settle any claim or suit, a cause of action for breach of the duty of good faith will not lie for failing to defend the claim when the insurer has settled for an amount within policy limits; the insurer has the right to settle a claim in good faith within the policy limits without considering the impact of higher premiums or damage to the insured's reputation); see also § 627.4147(1)(b)(1), Fla. Stat. (2005) (providing that every medical malpractice liability insurance policy is required to authorize the insurer to settle in good faith any medical malpractice claim within policy limits without the permission of the insured; it is against public policy for any insurance policy to contain a clause giving the insured the exclusive right to veto any settlement offer when such offer is within the policy limits). The pending bad faith claims by the doctor may not be used to delay or impair the entitlement of the settling parties to immediate enforcement of their settlement.
Remanded for Consistent Proceedings.
KLEIN, J., concurs.
MAY, J., concurs in part and dissents in part with opinion.
MAY J., concurring in part and dissenting in part.
I concur in the majority's decision to affirm the trial court's refusal to enforce the settlement because of the procedural irregularities that occurred. I would not remand the case with directions to immediately enforce the settlement upon compliance with the procedural requirements. These missing procedural requirements may reveal issues that have not yet been properly considered by either the trial court or this court. I would simply affirm without prejudice and allow the parties to properly bring the issues to the trial court for consideration.
NOTES
[1] The parties to the settlement agreement are the claimants in the medical malpractice action and the insurance carrier for the defendant doctor.