931 So.2d 931 (2006)
Linda I. BLAND, M.D., and Treasure Coast Neurosurgical Associates, P.A., Appellants,
v.
Bert CAGE, Linda Cage and The Doctors Company, Appellees.
No. 4D05-1012.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
Rehearing Denied July 13, 2006.
*932 Helen Ann Hauser of Dittmar & Hauser, P.A., Coconut Grove, for appellants.
Cindy L. Ebenfeld and Jean Kneale of Hicks & Kneale, P.A., Hollywood, for appellee The Doctors Company.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach for appellees Bert Cage and Linda Cage.
ROTHSCHILD, RONALD J., Associate Judge.
The Doctors Company ("TDC") is the medical malpractice insurer of Defendants/Appellants, Linda I. Bland, M.D., and Treasure Coast Neurosurgical Associates, P.A., ("P.A."). Dr. Bland and the P.A. appeal from a partial final judgment in a medical malpractice case. The order appealed from granted a declaratory judgment on a complaint filed by TDC as intervenor and approved the settlement agreement entered into between TDC and Plaintiffs without the consent of Dr. Bland, finding that the settlement is "in good faith and the best interests" of Dr. Bland.
The insurance policy at issue had shared limits of $1,000,000 per claim and a $3,000,000 aggregate limit. The policy covering Dr. Bland and her P.A. unequivocally states:
We shall have the right, without your consent, to investigate, negotiate, and settle the Claim as we deem necessary or expedient.
The Appellee TDC reached an agreement with the Plaintiff to settle the claims against TDC's insureds, Dr. Bland and the P.A., for $495,000 contingent on court approval. The trial court held an evidentiary hearing on TDC's Motion for Limited Intervention and Court Approval of Settlement. The trial court allowed evidence solely on the motion to intervene and not whether the settlement offer was made in good faith.
*933 Dr. Bland challenges the trial court's approval of the settlement on two grounds: (1) whether the trial court had jurisdiction to enter a declaratory judgment approving the proposed settlement between the plaintiffs and the insurer; and (2) whether the trial court violated Dr. Bland's due process rights and right to access the court by holding an evidentiary hearing to determine if settlement was in good faith.
Dr. Bland contends that the trial court lacked jurisdiction to permit TDC to maintain a claim for declaratory relief because there was no justiciable controversy as the settlement agreement expressly provided TDC the right to settle without Dr. Bland's consent. TDC's position is that it could maintain an action for declaratory relief because there is a clear justiciable controversy, as TDC wanted to settle the case in accordance with the subject insurance policy over Dr. Bland's objection.
Section 86.021, Florida Statutes (2000), states:
Any person claiming to be interested or who may be in doubt about his or her rights under ... contract ... or whose rights, status, or other equitable or legal relations are affected by a ... contract... may have determined any question of construction or validity arising under such ... contract ... or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.
We agree with TDC that there is a "a bona fide, actual, present practical need for a declaration" because the parties involved "reasonably have an actual, present, adverse and antagonistic interest in the subject matter." Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, et al., 661 So.2d 1190, 1192 (Fla. 1995). Dr. Bland is clearly opposed to the proposed settlement and feels that the settlement is a violation of her due process rights and against her best interests. On the other hand, TDC wants to proceed with the settlement as it believes the proposed settlement is in good faith and in Dr. Bland's best interests. We also agree that TDC should be relieved of its uncertainty over its right to settle and not have to risk a subsequent bad faith action by Dr. Bland, especially when Dr. Bland agreed to a policy expressly authorizing TDC to settle claims within the policy limits without her consent. Therefore, we affirm the trial court's declaratory judgment approving the settlement because the trial court had jurisdiction to enter a declaratory judgment.
As her second ground to challenge the trial court's ruling, Dr. Bland argues that she did not have a full and fair opportunity to litigate the issue of "good faith." We disagree. Dr. Bland has not articulated any constitutionally protected interest of which she has been allegedly deprived. There is no protected property interest because, absent special circumstances not present here, there is no cause of action for bad faith when an insurance company settles within policy limits over the insured's objection. The Supreme Court held in Shuster v. South Broward Hospital District Physicians' Professional Liability Insurance Trust, 591 So.2d 174, 175-176 (Fla.1992), that an insured cannot maintain an action against his insurer for bad faith where the insurer has settled a cause of action against the insured within the policy limits of the insurance contract which provides that the insurer may settle the claim "as it deems expedient," and the insured is not exposed to an excess judgment but is caused other damages as a result of the settlement. In this case, the insurance policy also had a "deems expedient" clause and the proposed settlement of $495,000 was well within the $3 million aggregate limit, although there are still outstanding *934 claims. See also Cohen v. Freeman, 914 So.2d 449 (Fla. 4th DCA 2005).
Even if Dr. Bland had a property interest sufficient to invoke the protection of the due process clause, Dr. Bland was afforded due process here because she was provided two full adversarial evidentiary hearings, one on the motion to intervene and one on the settlement approval. There is also no indication in the record that Dr. Bland was in any way foreclosed from fully developing any factual issues that were material to the critical legal issues she chose to present to the trial court.
Thus, we conclude that Dr. Bland was afforded due process of the law and access to the courts. For these reasons, the trial court's order granting TDC's Motion to Approve Settlement is affirmed.
POLEN and MAY, JJ., concur.