On Motion for Rehearing

PER CURIAM.
We grant appellee’s motion for rehearing, withdraw our prior opinion, and substitute the following in its place.
A medical doctor sued his professional liability insurer for failing to exercise good faith in settling a claim against him. He claimed that his insurance company failed to undertake the necessary investigation pursuant to section 766.106, Florida Statutes, and settled a claim which was completely defensible, causing him damages, including the insurance company’s subsequent refusal to renew his policy. The trial court dismissed the claim, finding that neither section 766.106 nor section 627.4147, upon which the doctor relied in making his claim, created a private cause of action against the insurer. We affirm.
Dr. Rogers, the appellant, purchased medical malpractice insurance coverage from appellee, Chicago Insurance Company (“Chicago”). In April 2002, the estate of a former patient served Dr. Rogers with a notice of intent to initiate litigation. Pursuant to section 766.106, Chicago had 90 days to conduct a presuit investigation of the claim. According to Dr. Rogers, Chicago did not initiate any investigation until approximately a week prior to the expiration of the period. It contacted a doctor to review the materials provided by the plaintiff, but did not contact Dr. Rogers for any other materials. With time running out, it elected to settle the claim instead of defending.
Rogers filed suit against his insurance company, claiming that it had failed to exercise good faith in its conduct of the presuit investigation and settlement. He alleged violations of both the presuit investigation procedure pursuant to section 766.106 and violation of the duty of good *282 faith settlement in the best interests of the insured under section 627.4147. Rogers alleged that if Chicago had properly investigated the claim, it would have discovered that the suit was completely defensible. Rogers alleged that as a result of Chicago’s settlement of the claim, it refused to renew his policy of insurance, causing Rogers to pay substantially more in premiums. Chicago moved to dismiss, claiming that neither statute provided a private right of action and that Chicago’s settlement within the policy limits precluded an action against it under the holding of Shuster v. South Broward Hospital District Physicians’ Professional Liability Insurance Trust, 591 So.2d 174 (Fla.1992). The trial court agreed and dismissed Rogers’ complaint, prompting this appeal.
We begin our analysis of this issue with an examination of the insurer’s obligation of good faith and Shuster. Our supreme court has long recognized the duty of the insurer to exercise good faith in handling claims against its insured. In Boston Old Colony Insurance Co. v. Gutierrez, 386 So.2d 783 (Fla.1980), the supreme court outlined this duty:
An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business. For when the insured has surrendered to the insurer all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured. This good faith duty obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take tp avoid same. The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so. Because the duty of good faith involves diligence and care in the investigation and evaluation of the claim against the insured, negligence is relevant to the question of good faith.
Id. at 785 (citations omitted). The court further noted:
An insurer cannot escape liability for breach of the duty of good faith by acting upon what it considers to be its interest alone. An insurer with control over defense and settlement must at all times act in good faith....
Id. at 786. Where that duty is breached, the insured has a cause of action against the insurer.
In Shuster, the court limited the holding of Boston Old Colony where the policy itself provided that the insurer had the authority to investigate and settle as it “deems expedient.” There, the insurance company settled three medical malpractice claims against Shuster within the policy limits, but the settlements resulted in Shuster being unable to obtain medical malpractice insurance, which limited his practice. He sued claiming bad faith. The trial court dismissed, and this court affirmed in Shuster v. South Broward Hospital District Physicians’ Professional Liability Insurance Trust, 570 So.2d 1362 (Fla. 4th DCA 1990), certifying a question to the supreme court.
The supreme court determined that where the policy contained the “deems expedient” provision with respect to settlement, an insurer may settle a claim within *283 the policy limits even where the claim was frivolous and without consideration of the insured’s interest. Although Boston Old Colony requires the insurer to act in the best interests of the insured, the Shuster court relied on contract principles in determining that the insurer could settle in its own best interests:
The language of the provision is clear and the insured was put on notice that the agreement granted the insurer the exclusive authority to control settlement and to be guided by its own self-interest when settling the claim for amounts within the policy limits. The obvious intent behind placing the provision in the agreement was to grant the insurer the authority to decide whether to settle or defend the claim based on its own self-interest, and this authority includes settling for the nuisance value of the claim. Therefore, we interpret the provision as granting the insurer the discretion to settle cases for amounts within the policy limits, regardless of whether the claim is frivolous or not. The parties have expressly contracted with respect to the subject matter and this Court declines to rewrite the policy when the insurer merely exercises its rights under the agreement.
591 So.2d at 176-77. Shuster thus stands for the proposition that, although there is a duty on behalf of an insurer to exercise good faith in the settlement of claims, including settlements within the policy limits, this duty may be limited contractually by a provision which permits the insurer to settle claims as it deems expedient or in its self-interest. However, even in Shuster, the court found some exceptions to this rule, and, under certain circumstances, a settlement within the policy limits would be considered in bad faith where an insurer settled the claims of one party in a case where there were multiple parties and claims, or prevented the insured from pursuing a counterclaim. Id. at 177.
Neither this court nor the Florida Supreme Court determined what effect section 627.4147(1) would have on the case, as the policy in that case was issued prior to the statute’s enactment. That statute, passed in 1985, provides that a medical malpractice policy cannot include a provision giving the insured veto power over a settlement within the policy limits.
(1) In addition to any other requirements imposed by law, each self-insurance policy as authorized under s. 627.357 or s. 624.462 or insurance policy providing coverage for claims arising out of the rendering of, or the failure to render, medical care or services, including those of the Florida Medical Malpractice Joint Underwriting Association, shall include:
[[Image here]]
(b)l .... a clause authorizing the insurer or self-insurer to determine, to make, and to conclude, without the permission of the insured, any offer of admission of liability and for arbitration pursuant to s. 766.106, settlement offer, or offer of judgment, if the offer is within the policy limits. It is against public policy for any insurance or self-insurance policy to contain a clause giving the insured the exclusive right to veto any offer for admission of liability and for arbitration made pursuant to s. 766.106, settlement offer, or offer of judgment, when such offer is within the policy limits. However, any offer of admission of liability, settlement offer, or offer of judgment made by an insurer or self-insurer shall be made in good faith and in the best interests of the insured.
(emphasis supplied). Thus, section 627.4147(1) requires malpractice insurance policies to grant the insurer the sole authority to settle a claim where settlement *284 is within policy limits. However, the statute also sets a standard for the insurer’s exercise of its authority, requiring that such a settlement be made in the best interests of the insured.
In Wakulla County v. Davis, 395 So.2d 540, 543 (Fla.1981), our supreme court explained:
[W]hen the meaning of a statute is at all doubtful, the law favors a rational, sensible construction. Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152 (1932). Courts are to avoid an interpretation of a statute which would produce unreasonable consequences. Id.
If an insurer and a claimant settle over the objection of the insured, and the insured can sue the insurer for collateral damages, how does the jury determine who prevails? Such a trial would have to involve a comparison of the merits of the medical malpractice claim to the collateral damages the insured may incur. This would be like asking a jury to decide between apples and oranges, because, since the insured’s damages are collateral as to the malpractice claim, one has nothing to do with the other. Roger’s interpretation would result in unreasonable consequences, and we are unwilling to adopt it. Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984) (“[A] literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion.”).
A different rule of statutory construction provides that courts should avoid statutory interpretations which would render part of a statute meaningless. State v. Goode, 830 So.2d 817 (Fla.2002). Roger’s interpretation of the statute would make its primary purpose, which is not to allow insured’s to veto malpractice settlements, meaningless. We say that because, if an insurer did settle with the claimant over the objection of the insured, the insurer would then be exposed to unlimited damages for increased insurance premiums, inability to get insurance, or other far removed and unknown collateral damages. No insurer would take that risk and the objecting insured would thus have the veto which the statute purports to eliminate.
We conclude that the statutory language, requiring that any settlement be in the best interests of the insured, means the interests of the insured’s rights under the policy, not some collateral effect unconnected with the claim. For example, the insured may have a counterclaim in the malpractice lawsuit for services rendered, which should not be ignored. Nor should the insurer be able to settle with the claimant and leave the doctor exposed to a personal judgment for contribution by another defendant in the same case. By including the language that any settlement must be in the best interest of the insured, the legislature was merely making it clear that, although it was providing that an insured cannot veto a settlement, the power to settle is not absolute and must still be in the best interests of the insured under Boston Old Colony and Shuster[1]
*285 We accordingly affirm the dismissal of appellant’s amended complaint.
STEVENSON and TAYLOR, JJ., concur.
WARNER, J., dissents with opinion.

. Although they are distinguishable, three cases from this court bear mentioning. In Bland v. Cage, 931 So.2d 931 (Fla. 4th DCA 2006), review denied, 948 So.2d 758 (Fla. 2007), the physician was objecting to the settlement of the malpractice claim, and this court held, without addressing section 627.4147, that the physician had no cause of action where the settlement was within the policy limits. In Babic v. Physicians Protective Trust Fund, 738 So.2d 442 (Fla. 4th DCA 1999), the physician sued his insurer over the settlement of a malpractice claim, arguing that the insurer’s improper report to the state, allocating all of the liability and payment to him, injured him. We held that under the reporting statute, section 627.912, Florida Statutes (1991), the insurer had immunity. In Cohen v. Freeman, 914 So.2d 449 (Fla. 4th DCA 2005), we held that an objecting physi *285 cian could not prevent his malpractice insurer from settling with the claimant.