WARNER, J.,
dissenting.
I respectfully dissent, because I believe that the majority construction writes out of the statute the obligation of the insurer to settle within the policy limits “in good faith and in the best interests of the insured.” § 627.4147(l)(b)l., Fla. Stat. (emphasis added). In Unruh v. State, 669 So.2d 242, 245 (Fla.1996), our supreme court explained:
As a fundamental rule of statutory interpretation, “courts should avoid readings that would render part of a statute meaningless.” Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 456 (Fla.1992); Villery v. Florida Parole & Probation Comm’n, 396 So.2d 1107 (Fla.1980); Cilento v. State, 377 So.2d 663 (Fla.1979). Furthermore, whenever possible “courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.” Forsythe, 604 So.2d at 455. This follows the general rule that the legislature does not intend “to enact purposeless and therefore useless, legislation.” Sharer v. Hotel Corp. of America, 144 So.2d 813, 817 (Fla.1962).
The majority’s interpretation renders this portion of the statute useless.
The disputed section of 627.4147(1) was enacted as part of a major medical malpractice reform in 1985. Ch. 85-175, § 6, Laws of Fla. As in all such legislation, a balancing of interests occurred between the medical community, patients injured by medical malpractice, and the insurance industry. At the time, the common law rule regarding an insurance company’s duty to its insured was set forth in Boston Old Colony Insurance Co. v. Gutierrez, 386 So.2d 783 (Fla.1980). The duty of good faith described therein “involves diligence and care in the investigation and evaluation of the claim against the insured _” Id. at 785.
Boston Old Colony did not hold that an insurer could settle within the policy limits regardless of the objection of the insured. That expansion of the right of the insurer was made after the passage of section 627.4147(1) by the supreme court in Shuster v. South Broward Hospital District Physicians’ Professional Liability Insurance Trust, 591 So.2d 174 (Fla.1992). Shuster, however, based its analysis on contract principles and specifically noted that it did not address the effect of the statute.
The majority suggests that Rogers’s interpretation would render meaningless part of the statute in that an insured could veto malpractice settlements by objecting. I do not agree. If the insurer has fulfilled its obligation of good faith in investigating and evaluating the case, and it has considered the best interests of the insured, then it can settle the case. The insured cannot veto the settlement. The standard for the insurer in determining its duty is the same as set forth in Boston Old Colony:
An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business.
Id. at 785 (emphasis added). This is an objective standard, not a subjective one. The fact that an insured might threaten *286 suit should not control the interpretation of a statute. If the insurer has acted in accordance with this duty, it is not liable.
The statutory obligation of good faith and best interest provides the only protection to a doctor against insurance companies who may settle unfounded cases simply because it is cheaper to settle than to defend. That is a decision in the insurer’s own interests, which it could do under Shuster, but is not consistent, in my view, with its duties under section 627.4147. The majority opinion takes this statutory protection away from the physician. I would read the statute as written and allow Dr. Rogers’s cause of action to proceed.